1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH A. JACKSON,                    No. 2:18-cv-2319-EFB P

12                Petitioner,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   ROBERT NEUSCHMID,

15                Respondent.

16

17        Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.[1]  He claims that on August 17, 2017, the Board of Parole

19   Hearings unlawfully denied him parole as a nonviolent offender in violation of his right to due

20   process.  *See* ECF No. 1.

21        Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct

22   a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  The court

23   must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

24   relief . . . ."  The court has conducted the review required under Rule 4 and concludes that

25   summary dismissal of the petition is required.

26   /////

27   _____

28        [1] He has paid the filing fee.

A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here, success on petitioner's due process claim would not necessarily lead to his immediate or speedier release. At best, it could result in the advancement of his next nonviolent parole suitably hearing. For this reason alone, petitioner is not entitled to relief.

In addition, the due process claim lacks merit. California's parole statutes give rise to a liberty interest protected by the federal Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a parole proceeding. *Id.* at 220-22. Rather, the protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* at 220. Here, the exhibits attached to the petition reveal that petitioner was given a statement of reasons as to why parole was denied and an opportunity to be heard with respect to that decision. ECF No. 1 at 28-29, 43. Thus, petitioner was afforded all the process he was due.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 26, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE